**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Allynthia B.W., *Plaintiff,* v. Frank J. Bisignano, Commissioner of Social Security, *Defendant.* | Case No. 3:25-cv-50421<br>Honorable Michael F. Iasparro |

## MEMORANDUM OPINION AND ORDER

Plaintiff Allynthia B.W. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her application for disability insurance benefits.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On January 12, 2022, Plaintiff filed application for disability insurance benefits and supplemental security income alleging a disability onset date of June 2, 2021. R. 210-224. Following a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on August 30, 2024, finding that Plaintiff is not disabled. R. 17-29. The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform work at the sedentary level "except no ladders, ropes, or scaffolds; occasional ramps and stairs; occasional balance, stoop, kneel, crouch and crawl; frequent handle and finger with the right upper extremity; must avoid concentrated exposure to hazards to include dangerous moving machinery and unprotected heights." R. 22. The ALJ found that Plaintiff has no past relevant work but there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, based on the representative occupations of order clerk, document preparer, and polisher. R. 27-28.

The Appeals Council denied Plaintiff's request for review on July 25, 2025, making the ALJ's decision the final decision of the Commissioner. R. 1-6; 20 C.F.R. § 404.900(a)(5). Plaintiff then filed this action seeking judicial review.

## STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* The

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). *See* Dkt. 22.

court's review of the Commissioner's findings is subject to "a very deferential standard." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025). When reviewing the ALJ's decision, the court's inquiry is limited to determining whether the ALJ's decision is supported by substantial evidence or resulted from an error of law. *Mandrell v. Kijakazi*, 25 F.4th 514, 515 (7th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "The threshold for substantial evidence 'is not high.'" *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Biestek*, 587 U.S. at 103). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (internal quotation marks and citation omitted). To determine whether substantial evidence exists, the court reviews the record as a whole but "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052–53; *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Thus, "we will reverse an ALJ's decision only if the record compels a contrary result." *Thorlton*, 127 F.4th at 1081 (citation modified).

## DISCUSSION

Plaintiff challenges the Commissioner's decision based on two alleged errors: (1) the ALJ's decision lacked an adequate discussion of Plaintiff's anemia; and (2) the ALJ failed to carry her burden at step five of the sequential analysis. Dkt. 14. For the foregoing reasons, the Court does not find that either of these alleged errors requires remand.

1) Anemia

Plaintiff contends that the ALJ "failed to address the impact Plaintiff alleged her iron deficiency anemia has on her ability to work" which she alleges "results in excessive fatigue and the need for monthly iron infusions." Dkt. 14, at 6. Plaintiff suggests that her fatigue and infusion appointments *may* cause her to be off-task or absent more than is permissible. *Id.* at 7. That is not sufficient to warrant remand.

Plaintiff first argues that the "ALJ's decision is void of any rationale for rejecting Plaintiff's allegations about the impact of the fatigue her anemia causes." Dkt. 14, at 7. But, as Plaintiff herself recognizes, the ALJ did not reject these allegations but instead accounted for Plaintiff's fatigue with "hazard exposure limitations." *Id.* at 6 (citing R. 25). Importantly, the ALJ's RFC determination included greater restrictions than those recommended by the two state agency consultants, both of whom opined Plaintiff could perform at the light exertional level. R. 26-27. Nonetheless, Plaintiff persists in her argument by suggesting that her anemia-related fatigue would cause her to be off-task and, "*if* Plaintiff were to be off-task fifteen percent of the day, . . . she would not be employable." Dkt. 14, at 7 (citing R. 64-65) (emphasis added). But the ALJ found that Plaintiff had only a mild limitation in concentration, persistence, and pace, and determined that no off-task limitation was warranted. R. 21-22 (pointing out that this area of mental functioning refers to the abilities to focus attention on work activities and stay on task at a sustained rate, and that, during her mental status examination, Plaintiff was aware of time and her concentration was generally adequate). The ALJ made this conclusion based on the consultative

examiner's observation that Plaintiff's "concentration was generally adequate." R. 21 (citing R. 3043-44). Plaintiff takes issue with this decision and argues that further explanation was required, but she makes no attempt to explain why the record "compels a contrary result," which is her burden on appeal. *Thorlton*, 127 F.4th at 1081 (quoting *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021)).

As for Plaintiff's argument that her infusion appointments would cause unacceptable absenteeism, that argument similarly fails. As Plaintiff describes it, her infusion appointments "take up to two hours to complete" and must be completed during typical office hours, starting no earlier than 8:00 AM and no later than 3:00 PM. Dkt. 14, at 3; R. 66-67. Even assuming Plaintiff would have to take a half day for each appointment (which she has not shown), these infusion appointments would cause Plaintiff to miss no more than six days per year, which is in the permissible 7-10 day threshold testified to as acceptable by the vocational expert. R. 65. Thus, "Plaintiff has not made a showing that her medical appointments would cause her to miss work to the extent that she would not be employable." *Fieleke v. Colvin*, No. 4:13-CV-91-PRC, 2015 WL 540303, at *11 (N.D. Ind. Feb. 9, 2015); *see also Combs v. Kijakazi*, 69 F.4th 428, 436 (7th Cir. 2023) (plaintiff bears burden of proving treatment would cause an unacceptable level of absenteeism).

2) Step five analysis

Plaintiff also alleges that the ALJ did not carry her burden at Step Five of the analysis. Specifically, Plaintiff argues that the ALJ's reliance on the testimony of the vocational expert ("VE") was improper as the testimony did not comply with Emergency Message 24027 ("EM-24027"). Dkt. 14, at 8-10.

Typically, an ALJ may rely on a VE's testimony so long as it is "sufficiently cogent and thorough." *Fetting v. Kijakazi*, 62 F.4th 332, 339 (7th Cir. 2023). But EM-24027 creates "heightened evidentiary and articulation requirements about certain . . . occupations," for which the ALJ must obtain "additional evidence" about how those occupations are currently performed. *See* Soc. Sec. Admin., EM-24027 REV – Guidance Regarding the Citation of Certain Occupations at Step Five of the Sequential Evaluation Process (Jan. 6, 2025), https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM. One of the occupations subject to these heightened requirements is that of a document preparer which is one the VE included in her testimony as a representative occupation that Plaintiff can perform.[2] *Id.*; *see also* R. 62-63.

Plaintiff argues that the ALJ's explanation does not meet the heightened requirements of EM-24027. Dkt. 14, at 8-10. The ALJ explained:

---

[2] Plaintiff makes much of the fact that the VE briefly described this position as that of microfilm processor (a position with a different DOT code and different exertional limitations) instead of document preparer. Dkt. 14, at 9. However, it is clear from the hearing transcript that the VE simply misspoke as she provided the DOT code correlating to the document preparer position and explained that "[i]t's still sedentary," while the processor position is described in the DOT as light. R. 63; *see also DOT*, 976.385-010 Microfilm Processor (4th ed. 1991), 1991 WL 688600.

> As it relates to Document Preparer, Microfilming: DOT Code 249.587-018 has been identified as a court challenged job in the modern-day national economy. Per the DOT description, these jobs involve outdated processes and equipment, and the record may not contain adequate information to assess the job's availability in the national economy as performed with more modern tools and/or processes. Social Security Ruling 00-4p requires a reasonable explanation resolving any conflict between the vocational expert's evidence and the DOT. The [VE] ran a program to train that job (Document Preparer). This job has evolved into using a scanner. She did labor market survey on that. In her opinion, it is easier than it was due to fewer steps now.

R. 28. This analysis shows that the ALJ properly evaluated the VE's testimony and, although she did not mention EM-24027 by name, the ALJ complied with the heightened standard as required to rely on this outdated job at step five. *See Lynette Parks v. Comm'r of Soc. Sec.*, No. 2:25-cv-00497-ALT, 2026 WL 2920011, at *4 (N.D. Ind. Sep. 29, 2026); *Warnell*, 97 F.4th at 1053 (confirming that Seventh Circuit precedent "is all about substance and not form"). As the ALJ pointed out, the document preparer job is actually easier to perform now than it used to be, given modern tools and/or processes, which buttresses the VE's opinion that Plaintiff could perform the job at the sedentary level. This is a point Plaintiff fails to grapple with. If Plaintiff believed more explanation was required, her attorney should have solicited such an explanation at the hearing or raised the issue in the post-hearing brief.[3] *See Leisgang v. Kijakazi*, 72 F.4th 216, 219-20 (7th Cir. 2023) ("[A] claimant must object to the VE's testimony or otherwise indicate that the testimony is unreliable during the administrative hearing (or after, in a posthearing brief) to preserve his objection."); *Bertaud v. O'Malley*, 88 F.4th 1242, 1245 (7th Cir. 2023) ("[W]hen an applicant for Social Security benefits is represented by counsel[,] the Secretary is entitled to assume that the applicant is making his strongest case for benefits." (citation omitted)). Because no such clarifying testimony was sought and no objections were made by Plaintiff, her challenge to the VE's testimony has been waived. Even absent waiver, however, as noted, the VE's testimony satisfied any heightened standard required for the document preparer occupation.[4]

---

[3] EM-24027 was originally put into effect on June 22, 2024, more than a month prior to Plaintiff's hearing before the ALJ. *See* Soc. Sec. Admin., EM-24027 - Guidance Regarding the Citation of Certain Occupations at Step Five of the Sequential Evaluation Process (June 22, 2024), https://secure.ssa.gov/apps10/referencearchive.nsf/links/06212024022159PM. Although it was later revised after the hearing, the relevant parts of the message requiring "additional evidence" have been consistent since the first effective date. *Id.* Thus, Plaintiff's attorney should have been aware of this change and made any appropriate objections at the hearing. *See, e.g.*, ABA Model Rule 1.1, Comment 8 (requiring lawyers to "keep abreast of changes in the law and its practice").

[4] Of note, in addition to the document preparer occupation, the VE testified that Plaintiff could also perform two other occupations, Order Clerk (approximately 5,000 jobs in the national economy) and Polisher (approximately 3,000 jobs in the national economy). R. 28. Plaintiff makes no mention of this (nor did the Commissioner make the point), but even eliminating the Document Preparer occupation from the analysis, there would still be approximately 8,000 jobs in the national economy available to Plaintiff to perform. *See Ketelboeter v. Astrue*, 550 F.3d 620, 626 (7th Cir. 2008) (finding an ALJ's failure to resolve a conflict between VE testimony and the DOT to be harmless when a significant number of jobs remained unchallenged).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reversal or remand is denied, and the Commissioner's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Entered: November 24, 2026

By: ______________________
Michael F. Iasparro
United States Magistrate Judge